IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| **MALESHA BOLES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:16cv323-WTM-GRS |
| | ) | |
| **SPANISH OAKS HOSPICE, INC.,** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Malesha Boles (hereinafter "Ms. Boles"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 8, brings this Complaint against Defendant Spanish Oaks Hospice, Inc., (hereinafter "Spanish Oaks") and shows the Court as follows:

## INTRODUCTION

1. Ms. Boles brings this action under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "the FMLA").

2. Ms. Boles also seeks equitable relief, including reinstatement to full time employment.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U. S.C. § 1331 because this case arises under the FMLA, a federal statute that affects interstate commerce.

1

4. Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Spanish Oaks is located in this judicial district and the events giving rise to those claims arose in this judicial district.

## THE PARTIES

5. Ms. Boles resides within Jeff Davis County, Georgia.

6. Spanish Oaks employed Ms. Boles as Hospice Aide from December 10, 2013 through June 3, 2016.

7. Spanish Oaks is a corporation organized under the laws of the State of Georgia.

8. Spanish Oaks is subject to the personal jurisdiction of this Court.

9. Spanish Oaks may be served with process through its registered agent, Company Compliance, 15 Lake Street, Suite 210, Savannah, Georgia 31411.

10. Spanish Oaks employed Ms. Boles for at least twelve consecutive months immediately prior to June 2016.

11. Spanish Oaks employed Ms. Boles for at least 1,250 hours during the twelve consecutive months immediately prior to June 2016.

12. At all times material hereto, Ms. Boles has been an "eligible employee" of Spanish Oaks within the meaning of the FMLA, 29 U.S.C. § 2611(2).

13. Spanish Oaks employed fifty (50) or more employees within seventy-five (75) miles of the worksite at which it employed Ms. Boles each working day during each of at least twenty (20) calendar workweeks in 2014.

14. At all times relevant to this Complaint, Spanish Oaks has been an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

15. At all times relevant to this Complaint, Spanish Oaks has been engaged in or has affected interstate commerce.

**FACTUAL BACKGROUND**

16. Ms. Boles began working at Spanish Oaks in December 2013.

17. Ms. Boles was employed as a Hospice Aide.

18. Ms. Boles eventually reported to Ms. Kandi Lanier, Executive Director of Spanish Oaks.

19. Ms. Boles worked 40 hours per week and was responsible for providing care to terminally ill patients.

20. In fall 2015, Ms. Boles suffered an on-the-job injury and was placed on light duty for several months. She remained on a full-time schedule and performed administrative duties in Spanish Oaks' Bellville, Georgia office.

21. In February 2016, Ms. Boles notified Ms. Lanier that she would need a few weeks off in April 2016 to undergo surgery that was unrelated to her on-the-job injury.

22. Approximately one month later, in March 2016, Ms. Boles was given a FMLA certification form for her physician to complete.

23. Ms. Boles was not provided any other paperwork regarding her request for FMLA leave.

24. Ms. Boles' physician completed the certification form on March 14, 2016.

25. Ms. Boles' physician stated on the certification form that her surgery was scheduled for April 11, 2016, and that she would need approximately 6-8 weeks of recovery time after the surgery.

26. On March 16, 2016, Ms. Boles submitted the certification form via fax to Mike Johnson, who performs payroll and human resources functions, in Spanish Oaks' Savannah office.

27. Ms. Boles underwent surgery as scheduled and was set to return to work on June 6, 2016 to her regular duty position as a Hospice Aide.

28. On Friday, June 3, 2016, Ms. Lanier called Ms. Boles and said Ms. Boles would be returned to work on a *pro re nata* ("PRN"), or "as-needed" basis.

29. Ms. Boles asked why she could not come back to her full-time position and Ms. Lanier stated that she had no work for Ms. Boles to do.

30. Approximately one week later, Ms. Boles was called into work. She worked two shifts over two days, a total of 10 hours.

31. On August 1, 2016, Ms. Boles was asked to work August 3-5, 2016. She worked those three days and has not been asked to return to work again.

32. On or about August 2016, Ms. Boles learned that Spanish Oaks was preparing to hire a new Hospice Aide, despite the fact that Ms. Boles was, and remains, ready, willing, and able to work.

33. Ms. Boles has not been asked to return to work at Spanish Oaks beyond the five shifts mentioned in Paragraphs 30-31 of this Complaint.

34. In late August 2016, Ms. Boles was notified that Spanish Oaks had terminated her employment.

## COUNT I

**INTERFERENCE WITH, RESTRAINT OF, AND DENIAL OF RIGHTS PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT**

35. Ms. Boles incorporates by reference all of the preceding paragraphs.

36. As set out above, Ms. Boles was eligible for leave protected by the FMLA.

37. Ms. Boles had the right under the FMLA to be returned to her position or a substantially equivalent position after her return from FMLA leave.

38. By the end of her FMLA leave, Ms. Boles had provided Spanish Oaks with all documentation necessary for her to return to work.

39. By the end of her requested FMLA leave, Spanish Oaks knew that Ms. Boles was ready to return to work.

40. Ms. Boles was available to return to work within the time allowed by the FMLA but was told to report at only as needed, for the convenience of Spanish Oaks.

41. Spanish Oaks' failure to allow Ms. Boles to return to her position despite announcing that she was ready and able to do so constitutes interference with, restraint of, and denial of the rights afforded Plaintiff by the FMLA.

42. As a direct and proximate result of Spanish Oaks' illegal conduct, Ms. Boles suffered loss of employment, loss of income, and loss of paid vacation and other employment benefits.

43. Ms. Boles is entitled to recover from Defendant the wages, salary, and employment benefits she has lost as a result of its unlawful conduct, and interest thereon, calculated at the prevailing rate.

44. Ms. Boles is entitled to liquidated damages in addition to the compensation alleged above in accordance with the FMLA, 29 U.S.C. § 2617(a)(1).

## COUNT II

### RETALIATION FOR PROTECTED ACTIVITY UNDER THE FAMILY AND MEDICAL LEAVE ACT

45. Ms. Boles incorporates by reference all of the preceding paragraphs.

46. Ms. Boles was eligible to take FMLA leave through June 3, 2016.

47. Ms. Boles' use of leave allowed by the FMLA was protected activity.

48. Spanish Oaks intentionally placed Ms. Boles on a PRN status and subsequently terminated her in retaliation for her protected activity.

49. As a direct and proximate result of Spanish Oaks' illegal retaliation, Ms. Boles suffered loss of employment, loss of income, and loss of paid vacation and other employment benefits.

50. Ms. Boles is entitled to recover from Spanish Oaks the wages, salary, and employment benefits she has lost as a result of its unlawful conduct, and interest thereon, calculated at the prevailing rate.

51. Ms. Boles is entitled to liquidated damages in addition to the compensation alleged above in accordance with the FMLA, 29 U.S.C. § 2617(a)(1).

52. Ms. Boles is entitled to reinstatement at her former position in accordance with the rates of pay, rules and working conditions that applied to her immediately prior to June 3, 2016.

53. Ms. Boles is entitled to recover her costs of litigation, including her reasonable attorneys' fees, in accordance with the FMLA, 29 U.S.C. § 2617(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

(a) That Plaintiff's claims be tried before a jury;

(b) That Plaintiff be awarded an amount to be determined at trial against Defendant in compensatory damages for lost pay, vacation, retirement benefits and healthcare benefits, interest on all applicable amounts calculated at the prevailing rate and liquidated damages equal to the amount of compensatory damages;

(c) That the Court order the reinstatement of Plaintiff to her former position or provide Plaintiff front pay in lieu of reinstatement;

(d) That Plaintiff be awarded prejudgment and post-judgment interest;

(e) That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendant; and

(f) For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 30th day of November, 2016.

                                                  */s/Amy E. Smith*
                                                  AMY E. SMITH
                                                  Georgia Bar No. 523781

WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T: (912) 201-3696
F: (912) 236-1884
smith@woolflawfirm.com

                                                  */s/ S. Wesley Woolf*
                                                  S. WESLEY WOOLF
                                                  Georgia Bar No. 776175

WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T: (912) 201-3696
F: (912) 236-1884
woolf@woolflawfirm.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MALESHA BOLES

## DEFENDANTS
SPANISH OAKS HOSPICE, INC.,

**(b)** County of Residence of First Listed Plaintiff: **JEFF DAVIS, GA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CHATHAM, GA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Amy E. Smith and S. Wesley Woolf; S. Wesley Woolf, P.C., 408 East Bay Street, Savannah Georgia 31401; 912-201-3696

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC § 2601

Brief description of cause:
RETALIATION AND INTERFERENCE IN VIOLATION OF FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 11/30/2016

SIGNATURE OF ATTORNEY OF RECORD: *Amy E. Smith*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____