# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MALESHA BOLES,  )
　　　　　　　　　　　　　　)
　　　Plaintiff,  )
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　) CV416-323
　　　　　　　　　　　　　　)
SPANISH OAKS HOSPICE, INC.,  )
　　　　　　　　　　　　　　)
　　　Defendant.  )

## ORDER

Plaintiff Malesha Boles moves the Court for leave to amend her Family and Medical Leave Act (FMLA) interference and retaliation Complaint. Doc. 19. She concedes that the current defendant, Spanish Oaks Hospice, Inc., does not appear have sufficient employees to trigger FMLA coverage.[1] *Id.* at 2. She thus wants to add five additional defendants, Spanish Oaks Retreat, Inc., Spanish Oaks Foundation, Inc., Spanish Oaks Properties, LLC, Spanish Oaks of Bellville, LLC, and Spanish Oaks of Bellville Properties, LLC (collectively the "Spanish Oaks entities"). Boles contends that they are her "joint" or "integrated"

---
[1] Only employers with over 50 employees are subject to the FMLA. 29 U.S.C. § 2611(4)(A)(i).

employers, so their employees should count towards the FMLA minimum. *Id.* at 2-3; doc. 19-1 at 1. She also seeks to "clarify" her claim against Spanish Oaks to allege that she detrimentally relied on its "representation that the conditions and benefits of her employment included application of the FMLA." Doc. 19 at 3. Spanish Oaks opposes on futility grounds. Doc. 22.

The Federal Rules instruct courts, before the Scheduling Order's deadline, to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). That standard embodies a preference for resolving claims on their merits. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff *may be* a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." (emphasis added)). Leave to amend may nevertheless be denied where the amendment is futile; that is "when the claim, as amended would still be subject to dismissal." *Boyd v. Warden, Holman Corr. Facility*, ___ F.3d ___, 2017 WL 1856071 at * 5 (11th Cir. May 9, 2017) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

## I. ADDITIONAL DEFENDANTS

The FMLA defines "employer" as any person "who employs 50 or more employees" for a sufficient time period. 29 U.S.C. § 2611(4)(A)(i). Federal regulations, however, permit the aggregation of employees of separate entities, for purposes of satisfying the FMLA minimum, if the entities constitute "joint" or "integrated" employers. *See* 29 C.F.R. § 825.104(c); *see also, e.g., Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1257-58 (11th Cir. 2004); *Cruz-Lovo v. Ryder Sys., Inc.*, 298 F. Supp. 2d 1248, 1252 (S.D. Fla. 2003) ("The regulations interpreting the FMLA provide two theories under which multiple entities can be deemed the 'employer' of an employee: the 'integrated employer' theory and the 'joint employment' theory."). Boles contends that the Spanish Oaks entities are either her joint employers or are integrated with Spanish Oaks.

The regulations implementing the FMLA establish that several entities may be an employee's joint employers if: (1) they share the employee's services; (2) "[w]here one employer acts directly or indirectly in the interests of the other employer in relation to the employee; or, (3) [w]here the employers formatting [sic] may be deemed to share control of

3

the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer." *Morrison*, 383 F.3d at 1257-8 (quoting former 29 C.F.R. § 825.106(a)[2]). Similarly, several entities are "integrated," such that they count as a single FMLA "employer," "where [the allegedly integrated entities] have '(i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) [A] [d]egree of common ownership/financial control.'" *Id.* at 1257 (quoting 29 C.F.R. § 825.104(c)(2) (alterations in original)).

Spanish Oaks contends that Boles' proposed amendment is futile because she pleads both theories in "a single paragraph" containing only "boilerplate, conclusory statement[s] unsupported by factual allegations

---

[2] The current version of 29 C.F.R § 825.106(a) has been restyled. It states, in relevant part, that:

> a joint employment relationship generally will be considered to exist in situations such as:
>
> (1)  Where there is an arrangement between employers to share an employee's services or to interchange employees;
> (2)  Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or
> (3)  Where the employers are not completely dissociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly because one employer controls, is controlled by, or is under common control with the other employer.

*Id.*

elsewhere in the Proposed Amended Complaint." Doc. 22 at 8. However, Spanish Oaks fails to identify all of plaintiff's supporting allegations.³ She defines "Spanish Oaks" to include all of the Spanish Oaks entities, *see id.* at 1, so several of her allegations provide factual details that Spanish Oaks has claimed was lacking. For example, Boles identifies Kandi Lanier as "Executive Director of Spanish Oaks," *id.* ¶ 19, and that Mike Johnson performs "payroll and human resources functions" for the Spanish Oaks entities. *Id.* ¶ 28. Those assertions plausibly allege the common control and operation supporting the joint and integrated employer theories.⁴ *See, e.g., U.S. Capital Funding VI, Ltd. v. Patterson*

---

³ It's not clear that Spanish Oaks characterization of the identified paragraph as "conclusory" is accurate. The distinction between factual allegations and conclusions is not always obvious. *Cf. United States v. New York Great Atlantic & Pacific Tea Co.*, 137 F.2d 459, 463 (5th Cir. 1943) (noting, in analyzing an anti-trust indictment, "the line between what is a statement of fact and what is a conclusion is not so broadly and easily drawn as that he who runs may read. Indeed, as the cases and text books amply show, it is sometimes quite finely drawn."). Here Boles alleges that the Spanish Oaks entities "share: . . . control of management of the corporations by the same individual, . . . a common business premises, . . . common ownership by a single individual, . . . the same medical license, . . . common employees, . . . common computers and other equipment, and . . . marketing endeavors, including without limitation a common Website." Doc. 19-1, ¶ 8. That's more fact than conclusion. Since Boles' proposed amendment is not futile, that hair doesn't need splitting today.

⁴ Defendant also argues that Boles must pass the "economic realities" test. *See* doc. 22 at 8. Boles replies that the test, most commonly applied to claims under the Fair Labor Standards Act (FLSA), is irrelevant in the FMLA context, without citing authority that it does not apply. Doc. 24 at 7-8. Although Spanish Oaks only cites an FLSA case in its brief discussion of the economic realities test, *see* doc. 22 at 8 (citing *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172 (11th Cir. 2012) (affirming

5

*Bankshares, Inc.*, 137 F. Supp. 3d 1340, 1356 (S.D. Ga. 2015) ("While a summary judgment in FLSA suit based on application of the economic realities test)), there is authority, albeit not entirely clear, supporting its application in the FMLA context.

The Eleventh Circuit has noted that "the FMLA's definition of 'employer' . . . is materially identical with[] the definition of 'employer' used in the Fair Labor Standards Act. . . ." *Wascura v. Carver*, 169 F.3d 683, 685-86 (11th Cir. 1999). The court has subsequently cited *Wascura* in support of applying the economic reality test outside the FLSA context; stating "[g]iven the substantial similarity between the definitions of 'employer' in the [Employee Polygraph Protection Act (EPPA)] and in the FMLA and the FLSA, we find the economic reality test appropriate [in the EPPA context] as well." *Watson v. Drummond Co., Inc.*, 436 F.3d 1310, 1316 (11th Cir. 2006). Courts outside this Circuit have expressly applied the test to the FMLA. *See Graziadio v. Culinary Institute of Am.*, 817 F.3d 415, 422 (2nd Cir. 2016) (citing *Wascura*, Third and Fifth Circuit, and district court cases, concluding "[w]e agree with these courts and apply the economic-reality test used to analyze individual liability in the FLSA to the FMLA case before us."); *but see Alexander v. Avera St. Luke's Hosp.*, 768 F.3d 756, 763-64 (8th Cir. 2014) (concluding that "simply applying to [plaintiff's] FMLA claim an 'economic realities' test developed in cases that involved FLSA minimum wage or maximum hour claims is not appropriate."). Finally, the context of *Wascura* and *Graziadio* is sufficiently different -- involving questions of whether specific individuals are subject to FMLA liability -- that it's not obvious that their reasoning applies in identifying joint or integrated employers. *See Wascura*, 169 F.3d at 687 (holding "that a public official sued in his or her individual capacity is not an 'employer' under the FMLA . . ."); *Graziadio*, 817 F.3d at 422; *see also Cruz-Lovo*, 298 F. Supp. 2d at 1252-55 (applying the FLSA multi-factor test in evaluating joint, but not integrated, employment).

Even if the FMLA-application of the test were clear, it is not clear that it could resolve the question before the Court. As Spanish Oaks points out, the multi-factor economic reality test is "fact intensive." Doc. 22 at 8. Although it certainly applies at the motion to dismiss stage, *see Freemen v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 F. App'x 940, 943 (11th Cir. 2012) (citing *Brouwer v. Metro. Dade Cty.*, 139 F.3d 817, 818-19 (11th Cir. 1998), making that determination in the FLSA context, "is an issue that is more appropriately decided at the summary judgment stage or trial." *Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145 at * 2-3 (M.D. Fla. Feb. 23, 2012). Spanish Oaks asserts that "it has provided every bit of evidence to Plaintiff's counsel demonstrating the futility of this lawsuit," and "if discovery were to be conducted on these issues, it would demonstrate the lack of factual support," for the joint or integrated employer theories. Doc. 22 at 9. If that's right, then the Court will be able to resolve all of Boles' claims on summary judgment, when the Court will have the benefit of a factual record and more substantial argument on the legal question.

complaint need not contain detailed factual allegations," it must contain sufficient facts to plausibly imply defendant's liability).

Plaintiff's reply brief puts additional factual meat on her proposed amendment's bones. *See, generally,* doc. 24 (identifying alleged common owner of the Spanish Oaks entities, providing internet address for alleged common website, and alleging several entities share common phone number). Accordingly, the Court grants Boles leave to amend her Complaint to allege that the Spanish Oaks entities were her joint employers or were integrated, for purposes of determining whether Spanish Oaks was a covered "employer."

## II. ESTOPPEL

Boles also argues that Spanish Oaks is estopped to deny FMLA coverage. As the parties concede, the Eleventh Circuit has twice commented on, without deciding, whether equitable estoppel applies to FMLA coverage. *See Dawkins v. Fulton Cty. Gov't,* 733 F.3d 1084, 1089 (11th Cir. 2013) (noting that the Eleventh Circuit has "never decided that equitable estoppel can extend FMLA coverage to otherwise uncovered absences from work"); *Cowman v. Northland Hearing Ctrs., Inc.,* 628 F. App'x 669, (11th Cir. 2015) (citing *Dawkins,* 733 F.3d at

1089) ("We have not determined whether the doctrine of equitable estoppel applies as a matter of federal common law in the FMLA context."); doc. 19 at 5; doc. 22 at 4. It has not, however, suggested that equitable estoppel *could not* apply, given appropriate factual support. *See Caporicci v. Chipotle Mexican Grill, Inc.*, 189 F. Supp. 3d 1314, 1321 (M.D. Fla. 2016) (explaining that the Eleventh Circuit "has found it unnecessary to decide [whether equitable estoppel applies] when the plaintiff fails to establish an essential element of an equitable-estoppel claim."); *see also Cowman*, 628 F. App'x at 672 ("Assuming that federal common law equitable estoppel applies to FMLA claims," plaintiff failed to establish essential element for estoppel). Further, "[a]ll of the other circuits to address the issue have concluded that the equitable estoppel doctrine applies in FMLA employment discrimination cases where its elements are met." *Dawkins*, 733 F.3d at 1092 (Wilson, J. dissenting) (citing Second, Fifth, Sixth, and Eighth Circuit precedent). And since *Dawkins*, other Circuits have concurred. *See Palan v. Inovio Pharms. Inc.*, 653 F. App'x 97, 100 n. 5 (3d Cir. 2016) (listing Courts of Appeal recognizing application of equitable estoppel in the FMLA context, including the Sixth, Ninth, First, Fifth, Eighth, Second, and, albeit in

dicta, Seventh Circuits). Balanced against that persuasive authority, is the danger that applying the doctrine "would expand FMLA liability beyond the express terms of the statute." *Rodas v. Assurance Quality Grp., Inc.*, 2015 WL 11511578 at * 5 (N.D. Ga. Jan. 30, 2015).

Given the competing authority, the Court is inclined to grant Boles leave to plead her claim, if only to allow the parties' arguments to develop more fully. Spanish Oaks argues that, even if equitable estoppel were available, Boles has failed to plead that it "was aware of the fact that Plaintiff was not an eligible employee under the FMLA at the time she took leave." Doc. 22 at 7. Such a failure would preclude an equitable estoppel claim, and allow the Court to follow the Eleventh Circuit's example in resolving the issue on factual, rather than legal, grounds. But the assertion is questionable, given the factual context of the dispute. Spanish Oaks is contending that Boles is not an eligible employee because it didn't have enough employees to qualify as FMLA-covered employer. *Id.* at 2. In effect Spanish Oaks argues that Boles' failure to plead that it was aware of the number of employees it employed is fatal to her estoppel claim. That's an odd argument, to say the least.

Given the unusual posture of the estoppel question, the Court is

persuaded by the general preference to allow claims to be disposed on their merits. It therefore grants Boles leave to amend her Complaint to allege that Spanish Oaks is equitably estopped from contending that she is not FMLA eligible. In doing so, however, the Court does not suggest that her claim could not be subject to a more fully developed motion to dismiss. The Court finds only that Spanish Oaks has not demonstrated that such a claim is futile.

### III. CONCLUSION

The Court **GRANTS** plaintiff Malesha Boles' Motion to Amend (doc. 19) and thus **DENIES** as moot the parties' joint motion for a stay pending resolution of her amend motion. Doc. 25. The Court **GRANTS** the parties' joint request for an extension of the case deadlines. Doc. 25. The Court thus extends the deadline for the parties to submit a joint status report by fourteen days (until June 5, 2017), and the deadline for Spanish Oaks to furnish an expert report for thirty days (until July 6, 2017). Discovery will close 90 days from the date of this Order. The civil motions deadline is 30 days after discovery closes.

**SO ORDERED**, this  19th  day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA